IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC FINCKE,

    Plaintiff,

vs.                                                                Civ. No. 12-1065 KG/SMV

PHARMASAFE, LLC,
a New Mexico limited liability company,
and DOES 1-50, inclusive,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff Eric Fincke's Motion for Leave to Amend and Memorandum in Support (Motion to Amend), filed on August 26, 2014. (Doc. 68). Defendant Pharmasafe, LLC (Pharmasafe, LLC), former Defendant Pat Adams, and former Defendant Bill Bell (collectively, Defendants) filed a response on September 12, 2014, and Plaintiff filed a reply on September 25, 2014. (Docs. 72 and 74). Having considered the Motion to Amend, the accompanying briefs, and the attached exhibits, the Court grants the Motion to Amend.

A. *Background*

        The deadline for amending the complaint expired on August 6, 2013, approximately five months after Defendants had fully briefed their motion to dismiss the original complaint and approximately nine months before the Court entered its May 9, 2014, Memorandum Opinion and Order granting, in part, that motion to dismiss. *See* (Docs. 20, 27, and 55). The Court dismissed several claims, including Plaintiff's breach of fiduciary duty claim against Adams and Bell, which the Court dismissed without prejudice. (Doc. 55) at 12-13. Plaintiff alleged in his

original complaint that "[a]s members of Pharmasafe, [LLC,] Adams and Bell owed fiduciary duties to [Plaintiff]."  (Doc. 1) at ¶ 40.  Plaintiff, however, did not specifically allege facts to show that he was also a member of Pharmasafe, LLC.  (Doc. 55) at 12-13.  Without those specific allegations, the Court reasoned that Adams and Bell could not have owed Plaintiff a fiduciary duty, because in New Mexico a fiduciary relationship exists between members of limited liability companies as well as between business partners.  *See id.* (citing *Mayeux v. Winder*, 2006-NMCA-028, 139 N.M. 235; *Moody v. Stribling*, 1999-NMCA-094 ¶ 17, 127 N.M. 630 (citing *GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052 ¶ 21, 124 N.M. 186)).

Also, on May 9, 2014, Pharmasafe, LLC produced an additional 3,000 pages of discovery.  (Doc. 68-1) at 3, ¶ 23.  On May 14, 2014, Plaintiff initiated discussions with Defendants about filing an amended complaint.  *Id.* at 3, ¶ 24.  Those discussions continued until August 7, 2014, at which point Plaintiff decided to file the Motion to Amend under Fed. R. Civ. P. 15(a)(2), which he did on August 26, 2014.  *See id.* at 4, ¶ 30.  Meanwhile, on July 24, 2014, the Magistrate Judge extended the discovery deadline to November 26, 2014.  (Doc. 64).

B.  *Plaintiff's Motion to Amend*

Plaintiff seeks to amend the complaint to

1. add PHC, LLC as a Defendant,

2. add supplemental personal jurisdictional allegations,

3. add Claim II in which Plaintiff alleges that Defendants, including PHC, LLC, breached a fiduciary duty owed to Plaintiff and/or aided and abetted in the breach of that fiduciary duty, and

4. add factual allegations to Claim III.

(Doc. 68) at 5.  Defendants do not oppose adding PHC, LLC as a Defendant, adding supplemental personal jurisdiction allegations, or adding factual allegations to Claim III.  (Doc. 72) at 5-6.  Defendants, however, oppose Plaintiff's continued inclusion of the Does 1-50 as Defendants, and ask the Court to prohibit Plaintiff from seeking to add Defendants in the future.  Defendants also oppose adding Claim II.  Should the Court allow Plaintiff to add Claim II, Defendants "request that the Court order Plaintiff to pay for any costs and attorneys' fees that Defendants will need to expend to defend against the same."  (Doc. 72) at 9.

C.  Discussion

    *1. Does 1-50 and Defendants' Request to Prohibit Plaintiff from Adding Defendants in the Future*

The Court notes that Plaintiff does not seek to add Does 1-50 as Defendants, because (1) Plaintiff already included them in the original complaint, and (2) the Court has not dismissed Does 1-50 as potential parties to this lawsuit.  Defendants contend that Plaintiff should have discovered those Does by this point in the lawsuit.  In fact, Plaintiff discovered one of the Does, PHC, LLC, and duly requested that it be added as a Defendant.  Defendants further argue that since Plaintiff should have discovered Does 1-50 by now, the Court should prohibit Plaintiff from seeking to add any Defendants in the future.

Defendants' arguments fail for two reasons.  First, Defendants are essentially moving to dismiss Does 1-50 in a response to a motion to amend.  This is an inappropriate procedure to move for a dismissal.  Defendants must file a proper motion to dismiss which allows for full briefing.  Second, the Court cannot rule on requests to add Defendants when those requests have not yet materialized.  The Court will address any such request as it arises.  The Court, therefore, denies Defendants' request to dismiss Does 1-50 and to prohibit Plaintiff from seeking to add

Defendants in the future.  The Court further admonishes Plaintiff to voluntarily dismiss Does 1-50 as soon as it is appropriate to do so.

   *2.  Plaintiff's Request to Add Claim II, the Breach of Fiduciary Duty Causes of Action*

Defendants argue that the Court should not allow Plaintiff to amend the complaint to add Claim II, because the Motion to Amend is untimely and allowing Plaintiff to add Claim II would be futile.  Should the Court allow Plaintiff to add Claim II, Defendants request that the Court order Plaintiff to pay attorneys' fees and costs which Defendants will expend to defend against that claim.

The Court notes that Plaintiff did not seek to modify the Scheduling Order under Fed. R. Civ. P. 16(b)(4) to extend the August 6, 2013, deadline for amending pleadings.  Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  The Tenth Circuit Court of Appeals, however, has not addressed how Rules 16(b)(4) and 15(a)(2) should be applied in a case like this where a plaintiff wants to amend a complaint after the scheduling order deadline for amending pleadings has passed.  *ACC Consultants, Inc. v. Logistics Health, Inc.*, 2011 WL 5212262 *4 (D.N.M.) (citing *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)); *see also Bylin v. Billings*, 568 F.3d 1224, 1232 n. 10 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).  Nonetheless, the Courts in this district have held that a plaintiff must first succeed in modifying the scheduling order deadline under Rule 16(b)(4) before the Court will apply Rule 15(a)(2) to determine whether to grant the motion to amend.  *ACC Consultants, Inc.*, 2011 WL 5212262 at *4 (citing *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002)); *see also*, *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955 *3 (D.N.M.).

    *a. Rule 16(b)(4): Modifying the Scheduling Order to Extend the Deadline to Amend Pleadings*

Under Rule 16(b)(4), the good cause requirement "does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo*, 2007 WL 2296955 *3 (D.N.M.) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.), *aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)); *accord ACC Consultants, Inc.*, 2011 WL 5212262 at *4.  Diligence means that the moving party could not meet the scheduling deadline despite that "party's diligent efforts." *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc.*, 879 F. Supp.2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp.2d 1285, 1313 (D.N.M. 2010)); *Trujillo*, 2007 WL 2296955 at *3 (quoting *Dilmar Oil*, 986 F.Supp. at 980).  To prevail under Rule 16(b)(4), the moving party "must provide an adequate explanation for the delay." *Minter*, 451 F.3d at 1205 n.4.

Here, the deadline for amending the complaint expired on August 6, 2013, well before the Court ruled on Defendants' motion to dismiss the original complaint on May 9, 2014, and well before Plaintiff received substantial discovery on that same day.  Moreover, the parties almost immediately began discussing a possible amended complaint on May 14, 2014, and continued that discussion through August 7, 2014.  In the meantime, the Magistrate Judge extended discovery until November 26, 2014.  Considering these circumstances, Plaintiff could not meet the scheduling deadline for amending pleadings despite his diligent efforts.  The Court, therefore, finds good cause to modify the scheduling order to extend the deadline for amending pleadings.

> b. *Rule 15(a)(2): the Motion to Amend*
>
> > (1) *Timeliness of the Motion to Amend*

Should the moving party fulfill the Rule 16(b)(4) good cause requirement, the Court can, nonetheless, deny the motion to amend if the moving party unduly delayed the filing of the motion to amend. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Because Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), and the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16," the Court, for the reasons discussed above, likewise, does not find that Plaintiff untimely filed the Motion to Amend. *See Bylin,* 568 F.3d at 1231.

> > (2) *Futility of Adding Claim II*

Under Rule 15(a)(2), the Court has discretion to grant a party leave to amend his pleadings. *Scott v. Carlson*, 2014 WL 7210893, at *2 (10th Cir. 2014). "In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Cohen v. Longshore,* 621 F.3d 1311, 1313 (10th Cir. 2010). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias,* 379 F.3d 892, 901 (10th Cir. 2004) (further quotation omitted); *see also Full Life Hospice, LLC v. Sebelius,* 709 F.3d 1012, 1018 (10th Cir. 2013).

As noted above, in New Mexico, "a fiduciary relationship exists between members of limited liability companies as well as between business partners." (Doc. 55) at 12. In the proposed amended complaint, Plaintiff alleges that Adams, Bell, and Plaintiff were partners in a business venture called "AkamaiRx," the purpose of which was, in part, to market and sell the

6

"Pharmasafe," a secured medicine cabinet. *See* (Doc. 68-1) at 8, ¶ 11 (Plaintiff "and Adams agreed that they were equal co-founders and owners in the new business."), at 8, ¶ 13 ("AkamaiRx's mission was to develop and exploit [Plaintiff's] idea for a secured cabinet and to market it to pharmacies and other locations where pharmaceutical products were retailed nationwide."), and at 10, ¶ 24 (Plaintiff "told Bell, 'welcome to the family,' or words to that effect."). As such, Adams and Bell would have owed Plaintiff a fiduciary duty with respect to the AkamaiRx business of marketing and selling the Pharmasafe. Plaintiff also alleges in the proposed amended complaint that Adams and Bell breached their fiduciary duty to Plaintiff when they "transferred the Pharmasafe intellectual property to Pharmasafe LLC and PHC, LLC," two enterprises which did not include Plaintiff, in an effort to deprive Plaintiff "of any of the economic benefits of his ownership interest in the Pharmasafe business and intellectual property…." *Id.* at 17-18, ¶¶ 59- 61. This transfer of the intellectual property apparently occurred while AkamaiRx was still a business venture involving Plaintiff, Adams, and Bell. *See id.* at 11, ¶ 27. In addition, Plaintiff alleges that he did not know about the transfer of the intellectual property. *Id.* Plaintiff further alleges that Bell aided and abetted Adams' breach of fiduciary duty "by conspiring with and assisting Adams in transferring the Pharmasafe intellectual property to Pharmasafe, LLC and PHC, LLC…." *Id.* at 18, ¶ 62. Finally, Plaintiff alleges that Pharmasafe, LLC and PHC, LLC aided and abetted both Adams and Bell's breaches of fiduciary duty by accepting "the transfer of the Pharmasafe business intellectual property" and keeping Plaintiff from participating further in the Pharmasafe business. *Id.* at 18, ¶ 63.

  Defendants, however, note that Plaintiff alleges in the proposed amended complaint that he was a "de facto" member of Pharmasafe, LLC. *Id.* at 17, ¶ 59. As such, Defendants contend that Plaintiff was not actually a member of Pharmasafe, LLC and, therefore, could not have had a

fiduciary relationship with Adams and Bell who were members of Pharmasafe, LLC. Plaintiff, in fact, specifically alleges that "Adams owed [Plaintiff] a fiduciary duty as a de facto partner in the business operated as 'Pharmasafe.'" *Id.* While Plaintiff could be described as a *de facto* partner in the Pharmasafe business generally, Plaintiff more particularly alleges in the proposed amended complaint that Adams, Bell, and himself were partners in AkamaiRx, a business developed to market and sell the Pharmasafe. This relationship as partners in AkamaiRx provides a basis for the fiduciary relationship between Adams, Bell, and Plaintiff and, therefore, furnishes the grounds for the claims of breach of fiduciary duty and aiding and abetting the breach of that fiduciary duty. Accordingly, Claim II is not futile and Plaintiff will be allowed to amend the complaint to add Claim II.

          *c. Defendants' Request for Attorneys' Fees and Costs to Defend Against Claim II*

Because the Court will allow Plaintiff to amend the complaint to add Claim II, Defendants seek an order that Plaintiff pay Defendants' attorneys' fees and costs to defend against that claim. This request is, however, without merit. First, the Court notes that Defendants do not provide any legal support for this request. *See* D.N.M. LR-Cv 7.3(a) (response "must cite authority in support of the legal positions advanced."). Second, Defendants will not be prejudiced by having to defend against Claim II. Plaintiff bases Claim II on facts mostly known by the parties for some time and on facts primarily within the possession of Defendants. Moreover, the Court has not yet set a trial date and, if necessary, Defendants can request an extension of deadlines to further prepare their defense. For these reasons, the Court denies Defendants' request for an order that Plaintiff pay Defendants' attorneys' fees and costs to defend against Claim II.

IT IS ORDERED that

1. Plaintiff Eric Fincke's Motion for Leave to Amend and Memorandum in Support (Doc. 68) is granted;

2. Plaintiff must file his amended complaint no later than March 6, 2015;

3. Defendants' request to dismiss Does 1-50 is denied;

4. Defendants' request that the Court prohibit Plaintiff from seeking to add Defendants in the future is denied; and

5. Defendants' request for an order that Plaintiff pay Defendants' attorneys' fees and costs to defend against Claim II is denied.

_____
UNITED STATES DISTRICT JUDGE